Christopher A. JONES, Plaintiff—Appellant,

v.

Glen CLAYTON; et al., Defendants—Appellees,

and

Correctional Medical Services; et al., Defendants.

No. 06–16833.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Christopher A. Jones, Indian Springs, NV, for Plaintiff–Appellant.

Janet E. Traut, Office of the Nevada Attorney General, Carson City, NV, for Defendant/Defendants–Appellees.

Paul J. Anderson, Esq., Maupin Cox & Legoy, Reno, NV, for Defendant.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Christopher A. Jones appeals pro se from the district court's order denying his new trial motion after a jury verdict in favor of defendants

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion for a new trial, *Sanghvi v. City of Claremont*, 328 F.3d 532, 536 (9th Cir.2003), and we affirm.

The district court did not abuse its discretion by refusing to impose sanctions against defendants for the loss of Jones' x-ray films because the record does not demonstrate bad faith by defendants or significant prejudice to Jones. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (holding that inquiry into prejudice looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case).

The district court did not abuse its discretion in denying admission of Jones' remaining x-ray films after Jones failed to introduce any witness competent to authenticate or interpret the films. *See* Fed. R.Evid. 803(6) (requiring custodian or other qualified witness to authenticate records).

The district court did not commit clear error in allowing defense counsel's comments during closing argument where Jones did not contemporaneously object. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192–93 (9th Cir.2002) ("The federal courts erect a 'high threshold' to claims of improper closing arguments in civil cases raised for the first time after trial."). Similarly, Jones failed to show that the district court's limiting instruction was inadequate to cure any error in overruling Jones' objections to defense counsel's questions. *See Bayramoglu v. Estelle*, 806 F.2d 880, 888 (9th Cir.1986) ("A timely instruction from the judge usually cures the prejudicial impact of evidence

unless it is highly prejudicial or the instruction is clearly inadequate.").

The district court properly granted summary judgment on Jones' state law claims in favor of defendants McDaniels, D'Amico, Nevin, Ross, Wilcox, Williamson and Correctional Medical Services, pursuant to the discretionary immunity defense set forth in Nev.Rev.Stat. § 41.032, because their actions were the product of personal deliberation, decision and judgment. *See Carey v. Nevada Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir.2002) (holding that a discretionary act under section 41.032 requires the exercise of personal deliberation, decision and judgment).

Jones' remaining contentions are unpersuasive.

Jones' motion to proceed on the original record is granted.

Jones' motion to file an oversized reply brief is granted. The Clerk shall file the brief received on August 7, 2007.

Jones' motion to strike a portion of Appellees' answering brief is denied.

**AFFIRMED.**